**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK ANTHONY BENDY, SR., | |
| Plaintiff, | Civil No. 06-2616 (AET) |
| v. | |
| OCEAN COUNTY JAIL, et al., | **O P I N I O N** |
| Defendants. | |

**APPEARANCES:**

Mark Anthony Bendy, Sr., Pro Se
Ocean County Jail
120 Hooper Avenue
Toms River, NJ 08753

**THOMPSON, District Judge**

Plaintiff, Mark Anthony Bendy, Sr., currently incarcerated at the Ocean County Jail, Toms River, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint, as submitted, is

subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). However, the Court will grant Plaintiff leave to file an amended complaint.

### BACKGROUND

Plaintiff seeks to sue the Ocean County Jail, the "Department of Corrections Medical Facility," Dr. Santangelo, and Warden Theodore J. Hutler, Jr.  He alleges that he has been denied medical treatment.

Plaintiff states that on May 25, 2006, he went to sick call and asked defendant Santangelo if the exam would cost him any money.  He states that Dr. Santangelo then refused to treat him for pain in his shoulders, and "massively infected" sties in his eyes.  However, Plaintiff states that on June 1, 2006, he was seen by a nurse and a doctor for the eye infection, and was prescribed eye drops and hot compresses.  He was told that his infection was serious.

Plaintiff states that he was next moved to the medical unit where he was physically threatened, strip searched, and had his clothes thrown in his face.  He is now in "lockdown" 23 hours and 45 minutes per day while housed in the medical unit.  When he asked a medical unit nurse why he was being housed in the medical unit, she stated, "because you complained of not getting medical treatment."

Plaintiff also alleges that he was housed with three other inmates who have not been tested for tuberculosis, and have not been cleared to return to the general population.  He alleges that his infection is contagious, and that his requests to be isolated from other inmates were ignored.  Plaintiff contends that "failure to provide appropriate medical attention" has caused him to become "seriously ill."

Plaintiff asks for monetary relief.

## DISCUSSION

**A.     Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b),
that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to § 1915(e)(2)).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Claims are Subject to Dismissal as Submitted.**

To begin, the Ocean County Jail and the "Department of Corrections Medical Facility" are not proper defendants in § 1983 cases, because they are not "persons."  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).  Thus, these defendants will be dismissed from this action, with prejudice.

As to Plaintiff's medical care claims, as Plaintiff is a pretrial detainee, "the proper standard for examining such claims is the standard set forth in Bell v. Wolfish . . .; i.e., whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of

guilt . . . ." Montgomery v. Ray, 145 Fed. Appx. 738, 740 (3d Cir. 2005); 2005 WL 1995084 (3d Cir. 2005)(unpubl.)(citing Bell v. Wolfish, 441 U.S. 520 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005)). In Bell, the United States Supreme Court explained:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. ...

6

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  See id. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  See id. at 539 n.20, 561-62.

In this case, Plaintiff has alleged no facts indicating that he is being subjected to punishment as a pretrial detainee.  He states clearly that he had medical issues, he was treated by both a nurse and a doctor, and he was placed in the medical unit of the jail in order to complete treatment.  While he questions the medical staff's decision to place him into the medical unit, he admits that his eye infection(s) was contagious.  Plaintiff further alleges that people that he was housed with were not tested for certain conditions, but he does not allege that he was housed with anyone who suffered from any contagious condition or that his health was affected by his housing in the medical unit.

Thus, it appears to this Court from the facts alleged in the complaint that Plaintiff suffered an ailment and was treated.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to § 1915(e)(2)).  In this case, Plaintiff has not stated a constitutional violation.  Since it is conceivable that Plaintiff may be able to amend his complaint to include facts which indicate that his constitutional rights were violated, he will be permitted to do so.

## CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.[1]  If Plaintiff does not file an

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the

amended complaint within forty-five days of the date of the Order accompanying this Opinion, his complaint will be dismissed, in its entirety, for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.

                                                                s/Anne E. Thompson
                                                                 ANNE E. THOMPSON
                                              United States District Judge

Dated: June 28, 2006

---

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.