NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK A BENDY, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 06-2616 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| WARDEN THEODORE HUTLER, et al., | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

I.   Introduction

This matter comes before the Court upon Defendant Warden Theordore Hutler and Defendant Officer Thatcher's Motion to Dismiss and Plaintiff Mark A. Bendy's Motion for Assignment of Pro Bono Counsel.  For the reasons stated below, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion for Pro Bono Counsel as moot.

II.   Discussion

A.   Background

Plaintiff Mark A. Bendy is a pro se prisoner litigant, previously housed at Ocean County Department of Corrections ("Ocean County"). Plaintiff alleged that, while housed at Ocean County, Officer Thatcher retaliated against him, asserting in his amended complaint that Officer Thatcher "threatened to write me up and move me if I submitted a grievance concerning him." Plaintiff further alleged that, on July 15, 2006, Officer Thatcher "wrote [Plaintiff] up on a

disciplinary complaint and moved [Plaintiff] to a segregated area of the jail." On that basis, Plaintiff brings this 42 U.S.C. § 1983 action claiming he suffered retaliation for engaging in a constitutionally protected activity.

      B.      <u>Defendants' Exhibits Attached to the Motion to Dismiss Will Not Be Considered</u>

Defendants have attached various exhibits in support of their motion to dismiss. Generally, "if matters outside the pleadings are presented to the [court] on a motion under Rules 12(b)(6) or 12(c), and the court does not exclude them, the motion must be considered as one under Rule 56 and determined in accordance with summary judgment principles" <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992) (citations omitted); <u>see also</u> Fed. R. Civ. P. 12(b)). The Court has discretion whether to consider such evidence and convert the motion into one for summary judgment. <u>Garlanger v. Verbeke</u>, 223 F.Supp.2d 596, 606 (D.N.J. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1366, at 491 (1990)). Prior to converting a motion to dismiss, a court must give adequate notice to the parties and grant them a reasonable opportunity to "present all material made pertinent to such a motion." <u>See</u> Fed. R. Civ. P. 12(b); <u>Rose v. Bartle</u>, 871 F.2d 331, 342 (3d Cir.1989)). Because Plaintiff has not been notified nor afforded a reasonable opportunity to present any evidentiary materials necessary to respond to such a motion, and it is unnecessary for the resolution of this matter, the Court shall not consider any exhibits attached to the moving papers of either party in deciding Defendants' Motion to Dismiss.

      C.      <u>Motion to Dismiss</u>

Plaintiff has alleged he suffered retaliation, as Defendant Thatcher threatened to write him up and move him, if he submitted a grievance. To properly allege a retaliation claim, a

plaintiff must allege facts showing he: (1) engaged in a constitutionally protected activity; (2) a state actor committed an adverse action against him "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial motivating factor in the state actor's decision to commit the adverse action.  See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (citations omitted).

      Defendants, in their Motion to Dismiss, dispute each of these elements.  First, Defendants argue that Plaintiff was not engaged in a constitutionally protected activity.  While it is true that "filing of a prison grievance is a constitutionally protected activity," [Robinson v. Taylor, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006)] Plaintiff failed to allege in his amended complaint that he actually filed a grievance against Defendant Thatcher.  Plaintiff discusses the alleged retaliation in two instances within his amended complaint neither time mentioning he filed a grievance. First it states Defendant Thachter "previously threatened to write me up and move me if I submitted a grievance concerning him.  He did write me up, however, the charge was never adjudicated."  (Am. Compl. at 7.)  Second, Plaintiff states Defendant Thatcher "made good on a previous threat and wrote me up on a disciplinary complaint and moved me to a segregated area of the jail, however the diciplinary [sic] charge was never adjudicated."  (Am. Compl. at 9.)  In both instances, Plaintiff failed to plead that he filed a grievance against Defendant Thatcher, rendering his allegations fatally flawed for want of a constitutionally protected activity or that such activity motivated Defendant Thatcher's acts.

      Further, construing the complaint liberally, as the Court is obliged to do with a pro se plaintiff, even if the Court were to infer that Plaintiff filed a grievance against Defendant Thatcher, the pleading still fails to state a claim.  As Defendants point out in their Motion to

Dismiss, Plaintiff "incurred absolutely no retaliatory action." (See Defs.' Mot. to Dismiss at 4.) Plaintiff alleged that he was "moved to a segregated area of the jail . . ." (Am. Compl. 9). As other courts have recognized, the "Third Circuit has not declared that placing a prisoner into segregated housing will always constitute adverse action to support a retaliation claim." Heller v. Keenhold, No. Civ. A. 1:04-CV-1893, 2006 WL 759647, at *7 (M.D. Pa. Mar. 24, 2006) (citing Allah v. Seiverling, 229 F.3d 220, 225 (3d. Cir. 2000)). Here, Plaintiff never alleges how being placed in "a segregated area of the jail" constituted an adverse action serving to deter him in any way from engaging in constitutionally protected activity. (See Am. Compl. at 9); see Heller, 2006 WL 759647, at *7 (dismissing a claim of retaliation where "Plaintiff's Amended Complaint provides no allegations as to how his [segregated housing] classification operated to deter him from exercising his Constitutional rights."); see also, Hix v. Tenn. Dept. of Corrections, 196 Fed.Appx. 350, 358 (6th Cir.2006) (affirming a District Court's dismissal of a prisoner's retaliation claim where the "allegations pertaining to [the prisoner's] transfers failed to allege adverse action that would deter a person of ordinary firmness from engaging in constitutionally protected conduct").

Because Plaintiff has failed to allege that he engaged in a constitutionally protected activity, that such an activity was the cause of an adverse action taken against him, or that the adverse action served to deter him in any way from engaging in constitutionally protected activity, Defendants' Motion to Dismiss is granted.

### III.    Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 8th day of January, 2007,

ORDERED that Defendants' Motion to Dismiss is **GRANTED**; and it is further

ORDERED that the case is **CLOSED**.

                                                  s/Anne E. Thompson
                                         ANNE E. THOMPSON, U.S.D.J.